UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BARBARA F. SANDERS, INDIVIDUALLY, MELISSA DAVIS, INDIVIDUALLY, GLENN A. FORD, INDIVIDUALLY, GEORGE FORD, JR., INDIVIDUALLY, MARTIN FORD, INDIVIDUALLY, AND LELA MAE FORD, INDIVIDUALLY, AND ON BEHALF OF THEIR DECEASED SISTER, MARGARET FORD<br>　　　　　　　　　　PLAINTIFFS<br><br>VERSUS<br><br>NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER, TIG INSURANCE COMPANY, AND RIVERSTONE GROUP, LLC<br>　　　　　　　　　　DEFENDANTS | CIVIL ACTION NO.:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

## NOTICE OF REMOVAL

RiverStone Group, LLC ("RiverStone") and TIG Insurance Company, successor by merger to American Safety Indemnity Company ("TIG"), defendants in the above captioned civil action, without waiving any of its defenses, hereby remove the civil action filed in the 26th Judicial District Court for the Parish of Webster, State of Louisiana, captioned *Barbara F. Sanders, Individually, Melissa Davis, Individually, Glenn A. Ford, Individually, George Ford, Jr., Individually, Martin Ford, Individually, and Lela Mae Ford, Individually, and on behalf of their deceased sister, Margaret Ford v. Nexion Health at Minden, Inc. d/b/a Meadowview Health and Rehab Center, American Safety Indemnity Company, and Riverstone Group, LLC*, Civil Action No. 76695, to this Honorable Court. In support of removal, RiverStone and TIG submit, as follows:

1.

On or about December 22, 2017, plaintiffs, Barbara F. Sanders, Melissa Davis, Glenn A. Ford, George Ford, Jr., Martin Ford, and Lela Mae Ford, on behalf of their deceased sister, Margaret Ford, filed a *Petition for Damages* ("Petition") in the 26th Judicial District Court for the Parish of Wester, State of Louisiana. Plaintiffs named as defendants Nexion Health at Minden, Inc., d/b/a Meadowview Health and Rehab Center ("Nexion"); TIG; and RiverStone.

## **REMOVAL IS TIMELY**

2.

This Notice of Removal is timely "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-8, 119 S.Ct. 1322, 1325, 143 L.Ed. 2d 448 (1999) ("Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). In a multi-defendant action, a later-served defendant has a right of removal separate from that of an earlier-served defendant. 28 U.S.C. § 1446(b)(2). The statute explicitly allows each defendant 30 days after receipt or service of an initial pleading or summons to file a notice of a removal. 28 U.S.C. § 1446(b)(2)(B). Service of the Petition was made upon RiverStone by Certified Mail on February 02, 2018. *See* **Exhibit 1.** This Notice of Removal is timely because it was filed within 30 days of RiverStone being served with the Petition.

**VENUE IS PROPER**

3.

Venue is proper in this judicial district and division under 28 U.S.C. § 1441(a). This civil action is being removed from the 26th Judicial District Court for the Parish of Webster, State of Louisiana. For purposes of 28 U.S.C. § 1446(a), the United States District Court for the Western District of Louisiana, Shreveport Division, "is the district court of the United States for the district and division within which such action is pending." Attached hereto as **Exhibit 2** are pleadings filed into the record of the 26th Judicial District Court for the Parish of Webster, State of Louisiana, in accordance with 28 U.S.C. § 1446(a).

**ALL DEFENDANTS' CONSENT TO REMOVAL**

4.

Under the "rule of unanimity," all defendants who have been properly joined and served must join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A). If defendants are served at different times, when a later-served defendant files a notice of removal, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to the removal." *Id.* § 1446(b)(2)(C). All known properly-joined and served defendants have consented to the removal of this civil action to federal court as evidenced by the Consent to Removal of Nexion attached hereto. *See* **Exhibit 3.**

**REMOVAL BASED UPON DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

5.

This civil action is properly removed based upon diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441. According to 28 U.S.C. § 1332(a), this Honorable Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between citizens of different states." The amount in controversy for the claims presented by plaintiffs exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between plaintiffs and defendants.

    A.    **COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFFS AND DEFENDANTS**

6.

In the Petition, plaintiffs allege their citizenship, as follows:

    i. Barbara F. Sanders is a resident of the State of Texas;
    ii. Melissa Davis is a resident of the State of Texas;
    iii. Glenn A. Ford is a resident of the State of Tennessee;
    iv. George Ford, Jr. is a resident of the State of Louisiana;
    v. Martin Ford is a resident of the State of Louisiana; and
    vi. Lela Mae Ford is a resident of the State of Louisiana.

*See* Petition at Preamble. Accordingly, for purposes of removal under 28 U.S.C. §§ 1332(a) and 1441, plaintiffs are citizens of Texas, Tennessee, and Louisiana for the purpose of determining diversity of citizenship in this litigation.

7.

The Petition is silent as to the citizenship of Defendants, Nexion; TIG; and RiverStone, for purposes of 28 U.S.C. § 1332(c)(1), claiming only that each are "foreign" companies doing business in the State of Louisiana. Petition at ¶ 1.

8.

While the Petition is silent as to the citizenship of Nexion, Nexion is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Maryland. Thus, in accordance with 28 U.S.C. § 1332(c)(1), and for purposes of removal under 28 U.S.C. §§ 1332(a) and 1441, Nexion is a citizen of the State of Delaware, where it is

4

incorporated, and a citizen of the State of Maryland, where it maintains its principal place of business, for the purpose of determining diversity of citizenship in this litigation.

9.

While the Petition is silent as to the citizenship of TIG, TIG is an insurance company incorporated under the laws of California with its principal place of business in New Hampshire. Thus, in accordance with 28 U.S.C. § 1332(c)(1), and for purposes of removal under 28 U.S.C. §§ 1332(a) and 1441, TIG is a citizen of the State of California, where it is incorporated as an insurer, and a citizen of the State of New Hampshire, where it maintains its principal place of business, for the purpose of determining diversity of citizenship in this litigation.

10.

While the Petition is silent as to the citizenship of RiverStone, Riverstone is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New Hampshire. Thus, in accordance with 28 U.S.C. § 1332(c)(1), and for purposes of removal under 28 U.S.C. §§ 1332(a) and 1441, RiverStone is a citizen of the State of Delaware, where it is incorporated, and a citizen of the State of New Hampshire, where it maintains its principal place of business, for purposes of determining diversity of citizenship in this litigation.

11.

Accordingly, complete diversity exists between plaintiffs, Barbara F. Sanders (Texas); Melissa Davis (Texas); Glenn A. Ford (Tennessee); George Ford, Jr. (Louisiana); Martin Ford (Louisiana); and Lela Mae Ford (Louisiana), and Defendants, Nexion (Delaware and Maryland); TIG (California and New Hampshire); and RiverStone (Delaware and New Hampshire). Therefore, this action is properly removed based upon diversity under 28 U.S.C. §§ 1332(a) and 1441.

**B.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS**

12.

In accordance with 28 U.S.C. § 1332(a), the amount in controversy required for removal based upon complete diversity of citizenship must exceed $75,000.00, exclusive of interest and costs.

13.

Although the Petition is silent as to the amount in controversy, the lack of specific monetary damage alleged in the Petition does not end the inquiry into the amount in controversy—if a plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires that a removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Simon v. Wal-Mart Stores,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see also DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant may either show that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute for a finding that the jurisdictional amount is satisfied.  *Simon,* 193 F.3d at 850; *Allen,* 63 F.3d at 1335.

14.

Removal is permitted where the facts in dispute support a finding that the claims presented exceed the jurisdictional amount.  *See Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995).  As held by the United States Supreme Court, while a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," it does not need to incorporate evidence supporting that allegation. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014).  RiverStone and TIG contest that any amount

is owed to plaintiffs and have numerous defenses to the claims presented in this lawsuit. For purposes of removal, however, this Honorable Court must look to the amount being claimed by plaintiffs without reference to any potential defenses that may exist as to those claims. *See St. Paul Mercury Ind. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S. Ct. 586, 592, 82 L. Ed. 845 (1938) ("for the fact that it appears from the face of the complaint that a defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdiction requirement, will not justify remand."); *see also Marcel v. Pool Co.,* 5 F.3d 81, 84 (5th Cir. 1993).

15.

The United States Supreme Court has held that where, as here, "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest," the damages sought are aggregated to determine the jurisdictional amount. *Allen,* 63 F.3d at 1330 (citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). In Louisiana, a survival action is a single, indivisible action among the beneficiaries of a decedent, arising from the cause of action belonging to the deceased before his or her death. La. Civ. Code art. 2315.1. Because plaintiffs' right to recover damages under their survival action is in essence a single right transmitted from their decedent, there is but one right of recovery and one amount to be recovered—not six separate rights and recoveries— even though that recovery may be divided among the plaintiffs. Aggregation of damages under plaintiffs' survival action, therefore, is appropriate. *See Kelly v. Hartford Accident and Indemnity Co.*, 294 F.2d 400, 409 (5th Cir. 1961) (aggregating damages to reach jurisdictional amount "since the five plaintiffs seek to enforce a single right of action for the wrongful death of their sister"), *cert. denied*, 368 U.S. 989, 82 S. Ct. 605 (1962). Supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) exists over plaintiffs' wrongful death actions brought under Louisiana Civil Code article

2315.2.  *See Morrison v. New Orleans Pub. Serv., Inc*., 415 F.2d 419, 424 (5th Cir. 1969) (under Louisiana law, beneficiaries must join in survival and wrongful death actions).

16.

While the Petition is silent regarding the specific amount in controversy, it is apparent from the face of the Petition, as well as the plausible allegations that the amount in controversy easily exceeds $75,000, exclusive of interest and costs, as plaintiffs contend they are entitled to recover damages for a multitude of injuries as a result of their claims that Nexion breached the standard of care in the treatment of their deceased sister, Margret Ford, while she was a resident at Nexion's nursing home facility.  Plaintiffs' legal theories are aligned and invisible in that they claim that Nexion's negligence resulted in unnecessary pain and suffering, prolonged hospitalization, mental anguish, anxiety, emotional distress, additional medical expenses, and the untimely death of Margret Ford.  Petition at ¶ 10.  The Petition seeks damages for Ms. Ford's alleged wrongful death, as well as damages for loss of consortium, and negligent infliction of emotional distress for Ms. Ford's six surviving siblings.  *Id*. at ¶ 17, 18, and 19.  The Petition further seeks damages for unspecified medical and funeral expenses.  *Id*. at ¶ 20.  These allegations establish that the damages plaintiffs seek exceed $75,000.00.  *See, Jones v. Vick,* 2004-0758 (La. App. 4 Cir. 12/15/04); 891 So.2d 737 ($50,000.00 in wrongful death damages awarded to each of nine siblings of man who died of cardiac arrest claimed to be associated with physician's administration of antipsychotic medication); *Williams v. O'Neill*, 99-2575 (La.App. 4 Cir. 03/13/02), 813 So.2d 548 ($150,000.00 awarded to husband of woman who witnessed effects of physician's alleged improper implantation of catheter guide wire during coronary bypass surgery).

17.

Considering the above, complete diversity exists between plaintiffs and defendants. The amount in controversy for the claims presented by plaintiffs exceeds $75,000.00, exclusive of interest and costs. This Honorable Court has jurisdiction over this civil action in accordance with 28 U.S.C. §§ 1332(a) and 1441(a).

18.

After the filing of this Notice of Removal, a copy of this Notice will be filed with the Clerk of Court for the 26th Judicial District Court for the Parish of Webster, State of Louisiana, as provided by law.

**WHEREFORE**, defendants, RiverStone Group, LLC and TIG Insurance Company, successor by merger to American Safety Indemnity Company, with the consent of Nexion Health at Minden, Inc., d/b/a Meadowview Health and Rehab Center, hereby remove this civil action to this Honorable Court and request that jurisdiction be assumed over all the claims made in this civil action, and that this civil action be maintained in the United States District Court for the Western District of Louisiana, Shreveport Division.

Respectfully submitted,

**LARZELERE PICOU WELLS
    SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA  70002
Telephone:  (504) 834-6500
Fax:  (504) 834-6565

**BY:**   */s/   Thomas H. Peyton*
**JAY M. LONERO, T.A. (No. 20642)**
    jlonero@lpwsl.com
**THOMAS H. PEYTON (No. 32635)**
    tpeyton@lpwsl.com

**ATTORNEYS FOR RIVERSTONE GROUP, LLC AND TIG INSURANCE COMPANY, SUCCESSOR BY MERGER TO AMERICAN SAFETY INDEMNITY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

   */s/   Thomas H. Peyton*