# EXHIBIT 2



| | | |
|---|---|---|
| BARBARA F. SANDERS, INDIVIDUALLY, MELISSA DAVIS, INDIVIDUALLY, GLENN A. FORD, INDIVIDUALLY, GEORGE FORD, JR., INDIVIDUALLY, MARTIN FORD, INDIVIDUALLY, AND LELA MAE FORD, INDIVIDUALLY, AND ON BEHALF OF THEIR DECEASED SISTER, MARGARET FORD | : | 26TH JUDICIAL DISTRICT COURT |
| VS. NO. 76695 | : | PARISH OF WEBSTER |
| NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER, AMERICAN SAFETY INDEMNITY COMPANY, AND RIVERSTONE GROUP, LLC | : | STATE OF LOUISIANA |

FILED: _____ : _____
                                              DEPUTY CLERK
*************************************************************************

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiffs, BARBARA F. SANDERS, INDIVIDUALLY, a resident of Houston, Texas; MELISSA DAVIS, INDIVIDUALLY, a resident of Midlothian, Texas; GLENN A. FORD, INDIVIDUALLY, a resident of Memphis, Tennessee; GEORGE FORD, JR., INDIVIDUALLY, a resident of Iberia Parish, Louisiana; MARTIN FORD, INDIVIDUALLY, a resident of Iberia Parish, Louisiana; and LELA MAE FORD, INDIVIDUALLY, a resident of Iberia Parish, Louisiana; and ON BEHALF OF THEIR DECEASED SISTER, MARGARET FORD, who with respect represents:

1.

Made defendants herein are:

A. NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER (hereinafter referred to as "**Meadowview**"), a foreign corporation authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816;

B. AMERICAN SAFETY INDEMNITY COMPANY (hereinafter referred to as "**American Safety**"), a foreign insurance company authorized to and doing business in the State of Louisiana, which may be served via long arm statute at 100 Galleria Parkway, Suite 700, Atlanta, GA 30339; and

C. RIVERSTONE GROUP LLC (hereinafter referred to as "**Riverstone**"), a foreign insurance company authorized to and doing business in the State of Louisiana, which may be served via long arm statute at 250 Commercial Street, Suite #5000,

Manchester, NH 03101.

2.

Defendants are justly and truly indebted to the petitioner for the following reasons.

3.

Margaret Ford, was a 55 year old resident of Meadowview Health and Rehab Center since July 20, 2012. She suffered with chronic inflammatory demyelinating polyradiculoneuropathy as a result of Guillion Barre syndrome. Due to her debilitating disease, Ms. Ford had a tracheostomy, was ventilator dependent, a PEG tube for nutritional support, and a foley catheter.

4.

On December 23, 2012, Margaret Ford, was transported to Minden Medical Center emergency department due to decreased responsiveness. Upon arrival, Ms. Ford was lethargic and in severe distress. It was also noted upon inspection that her abdomen was moderately distended and her bowel sounds were diminished in all four quadrants. Ms. Ford was admitted to Minden Medical Center ICU with sepsis, digoxin toxicity and respiratory failure. Ms. Ford had a history of UTI's due to her long-term foley catheter, and Dr. Bolger, the attending physician, noted on his H&P that this was originally suspect for her sepsis. Dr. Bolger also stated in his H&P that Ms. Ford's renal function had been good previously, but now she was in acute renal failure most likely due to inadequate gastric hydration. He indicated that a likely cause of her decreased renal function was due to inadequate PEG tube flushes of H2O performed while in the care of Meadowview Health and Rehab Center.

5.

On December 24, 2012, at 1415 hours Ms. Ford had a reported 325ml of residual light yellow fluid from her PEG site. Her PEG tube feedings were stopped. The nurse held her feedings and clamped her PEG and NG tube. Ms. Ford's PEG tube was noted to be "not in her stomach" and surgery was consulted. Ms. Ford's PEG tube was replaced by Dr. John Jerius, general surgeon, and placement was confirmed. On December 25, 2012, Ms. Ford's PEG tube had a total of 960ml drainage. Despite removal of a large fecal impaction, Ms. Ford's small bowel obstruction continued.

6.

On December 26, 2012, Dr. John Jerius, general surgeon, was consulted for her small bowel obstruction. He noted Ms. Ford to have a distended abdomen, peritoneal signs, and a small bowel obstruction on abdominal film resulting in associated significant hypotension requiring pressure support. Ms. Ford was taken to the OR, where a massively dilated small bowel was present. The adhesion was found and taken down to relieve the obstruction. The operative report notes that Ms. Ford's PEG tube was placed on foley bag drainage.

7.

Despite replacement of her PEG tube and surgical repair for her small bowel obstruction, aggressive pressure support, and IV antibiotic therapy, Ms. Ford continued to have dark green drainage from her PEG tube and her critical condition continued to decline. On December 30, 2012, Dr. Jerius was notified by nursing staff that Ms. Ford's abdomen was red, firm, distended, and hot to touch. She was having purulent drainage from her PEG site and grimacing during assessment of her abdomen. Dr. Bolger was also notified regarding her elevated temperature and tachycardia. On December 31, 2012, Dr. Bolger consulted Dr. Erin Soleto, general surgeon, for a second surgical opinion.

8.

On January 1, 2013, a CT of Ms. Ford's abdomen revealed a very large retroperitoneal abscess that was caused by the originally misplaced PEG tube that was pumping nutrition into her retroperitoneal space. Ms. Ford was taken back to the operating room and an exploratory laparotomy was performed by Dr. Soleto. Dr. Soleto drained a very large retroperitoneal abscess that extended from her diaphragm to her pelvis. It was finally revealed that the cause of Ms. Ford's massive infection and very critical condition was due to the original misplaced peg tube.

9.

On February 13, 2013, Margaret Ford succumbed to the sequelae of medical complications caused by the mismanagement of her PEG tube feedings by Meadowview Health and Rehab Center and its staff.

10.

Defendant, NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER, deviated from the applicable standard of care in the following particulars:

1. Their staff failed to properly assess Ms. Ford and develop, implement, evaluate, and update an interdisciplinary nursing care plan for Ms. Ford;

2. Their staff failed to properly assess, evaluate, monitor and treat Ms. Ford;

3. Their staff failed to utilize their knowledge, education, and critical thinking skills to protect Ms. Ford from harm and maintain her safety and well-being;

4. Their staff failed to properly and timely reassess Ms. Ford; and

5. Their staff failed to exercise their best judgment and advocate for Ms. Ford's safety, health, and well-being.

15.

As a result of the negligence of defendant, NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER, plaintiff, MARGARET FORD, suffered unnecessary pain and suffering, prolonged hospitalization, mental anguish, anxiety, emotional distress, additional medical expenses, and ultimately her untimely death; and lost any chance for a better outcome due to the negligent care she received; all for which petitioners are entitled to recover from the defendants in a reasonable amount to be fixed by this Honorable Court.

16.

NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER is liable under the doctrine of respondeat superior for the negligent actions of its employees who were acting within the course and scope of their employment at the time of the incident described herein.

17.

MARGARET FORD was survived by her six siblings, namely, plaintiffs, BARBARA F. SANDERS, MELISSA DAVIS, GLENN A. FORD, GEORGE FORD, JR., MARTIN FORD, and LELA MAE FORD, all of whom are the proper parties to bring this action and are entitled to damages for the wrongful death of their sister, MARGARET FORD, under LSA C.C. Art. 2315.2.

18.

As a result of the above-described incident, plaintiffs, BARBARA F. SANDERS, MELISSA DAVIS, GLENN A. FORD, GEORGE FORD, JR., MARTIN FORD, and LELA MAE FORD, have each suffered a loss of consortium, services and society of their sister, MARGARET FORD, for which they are entitled to recover from the defendants in a reasonable amount to be fixed by this Honorable Court.

19.

As a result of the above-described incident, plaintiffs, BARBARA F. SANDERS, MELISSA DAVIS, GLENN A. FORD, GEORGE FORD, JR., MARTIN FORD, and LELA MAE FORD, have each incurred a negligent infliction of emotional distress, for which they are entitled to recover from the defendants in a reasonable amount to be fixed by this Honorable Court.

20.

As a result of the above-described incident, plaintiffs, BARBARA F. SANDERS, MELISSA DAVIS, GLENN A. FORD, GEORGE FORD, JR., MARTIN FORD, and LELA MAE FORD, have incurred funeral expenses and medical expenses, all for which they are entitled to recover from the defendants in a reasonable amount to be fixed by this Honorable Court.

21.

On information and belief, petitioners would show that at the time of the incident referred to defendant, NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER, was a qualified health care provider.

22.

On information and belief, petitioners would show that at the time of the incident referred to hereinabove, defendant, NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER, was insured by AMERICAN SAFETY INDEMNITY COMPANY.

23.

On information and belief, petitioners would show that since the time of the incident referred to hereinabove, AMERICAN SAFETY INDEMNITY COMPANY was purchased by

18.

As a result of the above-described incident, plaintiffs, BARBARA F. SANDERS, MELISSA DAVIS, GLENN A. FORD, GEORGE FORD, JR., MARTIN FORD, and LELA MAE FORD, have each suffered a loss of consortium, services and society of their sister, MARGARET FORD, for which they are entitled to recover from the defendants in a reasonable amount to be fixed by this Honorable Court.

19.

As a result of the above-described incident, plaintiffs, BARBARA F. SANDERS, MELISSA DAVIS, GLENN A. FORD, GEORGE FORD, JR., MARTIN FORD, and LELA MAE FORD, have each incurred a negligent infliction of emotional distress, for which they are entitled to recover from the defendants in a reasonable amount to be fixed by this Honorable Court.

20.

As a result of the above-described incident, plaintiffs, BARBARA F. SANDERS, MELISSA DAVIS, GLENN A. FORD, GEORGE FORD, JR., MARTIN FORD, and LELA MAE FORD, have incurred funeral expenses and medical expenses, all for which they are entitled to recover from the defendants in a reasonable amount to be fixed by this Honorable Court.

21.

On information and belief, petitioners would show that at the time of the incident referred to defendant, NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER, was a qualified health care provider.

22.

On information and belief, petitioners would show that at the time of the incident referred to hereinabove, defendant, NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER, was insured by AMERICAN SAFETY INDEMNITY COMPANY.

23.

On information and belief, petitioners would show that since the time of the incident referred to hereinabove, AMERICAN SAFETY INDEMNITY COMPANY was purchased by

RIVERSTONE GROUP LLC.

24.

Petitioner's claim was timely filed with the Louisiana Compensation Fund on December 31, 2013 in accordance with the Louisiana Medical Malpractice Act.

25.

The Medical Review Panel met and an opinion was rendered on September 13, 2017.

26.

Notice of the Opinion was received on September 25, 2017.

27.

The Louisiana Medical Malpractice Act, specifically LSA-R.S. 40:1299.47(I)(2)(c), requires that plaintiffs shall be required to post a cash or surety bond, approved by the court, in the amount of all costs of the medical review panel in a subsequent suit filed by the claimants in which a unanimous opinion was rendered in favor of the defendant health care providers.

28.

The total costs of the medical review panel including medical review panel physician member fees, attorney chairman fees and administrative expenses and costs is $3,129.93, for which undersigned counsel for plaintiffs submits herewith a Medical Review Panel Costs Security personal surety bond acknowledging his obligation to personally pay the costs of the medical review panel unless a final judgment is rendered finding a defendant liable to plaintiffs for any damages.

WHEREFORE, petitioners, BARBARA F. SANDERS, INDIVIDUALLY; MELISSA DAVIS, INDIVIDUALLY; GLENN A. FORD, INDIVIDUALLY; GEORGE FORD, JR., INDIVIDUALLY; MARTIN FORD, INDIVIDUALLY; and LELA MAE FORD, INDIVIDUALLY; AND ON BEHALF OF THEIR DECEASED SISTER, MARGARET FORD, pray for service and citation on the defendants according to the law and after due proceeding had and trial thereof, there be a judgment herein in favor of petitioners, BARBARA F. SANDERS, INDIVIDUALLY; MELISSA DAVIS, INDIVIDUALLY; GLENN A. FORD, INDIVIDUALLY; GEORGE FORD, JR., INDIVIDUALLY; MARTIN FORD, INDIVIDUALLY; and LELA MAE

FORD, INDIVIDUALLY; AND ON BEHALF OF THEIR DECEASED SISTER, MARGARET FORD, and against the defendants, NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER, AMERICAN SAFETY INDEMNITY COMPANY, and RIVERSIDE GROUP LLC, in just and reasonable sums as prayed for herein, together with costs of Court, prejudgment interest, and for all such other relief, both general and special, in law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

THE TOWNSLEY LAW FIRM

BY: _____
SAGE L. MIDDLETON (#34677)
TODD A. TOWNSLEY (#21095)
3102 Enterprise Boulevard
Lake Charles, Louisiana 70601
Telephone: (337)478-1400
Facsimile: (337)478-1577

**PLEASE SERVE DEFENDANTS AS OUTLINED IN PARAGRAPH ONE**

RECEIVED & FILED

2017 DEC 22 AM 11 52

| | | |
|---|---|---|
| BARBARA F. SANDERS, INDIVIDUALLY, MELISSA DAVIS, INDIVIDUALLY, GLENN A. FORD, INDIVIDUALLY, GEORGE FORD, JR., INDIVIDUALLY, MARTIN FORD, INDIVIDUALLY, AND LELA MAE FORD, INDIVIDUALLY, AND ON BEHALF OF THEIR DECEASED SISTER, MARGARET FORD | : | 26TH JUDICIAL DISTRICT COURT |
| VS. NO. _____ | : | PARISH OF WEBSTER |
| NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER, AMERICAN SAFETY INDEMNITY COMPANY, AND RIVERSTONE GROUP, LLC | : | STATE OF LOUISIANA |
| FILED:_____ | : | _____ DEPUTY CLERK |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REQUEST FOR WRITTEN NOTICE OF ASSIGNMENT AND/OR WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OF RENDERED**

TO: Clerk of Court
Webster Parish

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to give us, as counsel for petitioner, BARBARA F. SANDERS, INDIVIDUALLY; MELISSA DAVIS, INDIVIDUALLY; GLENN A. FORD, INDIVIDUALLY; GEORGE FORD, JR., INDIVIDUALLY; MARTIN FORD, INDIVIDUALLY; and LELA MAE FORD, INDIVIDUALLY; AND ON BEHALF OF THEIR DECEASED SISTER, MARGARET FORD, in the above numbered and entitled cause, written notice, by mail, ten (10) days in advance of any date fixed for any trial or hearing of the case, whether on exception, rule or the merits thereof.

And, in accordance with the provisions of Articles 1913, 1914, and 1915 of the Louisiana Code of Civil Procedure, you are hereby additionally requested to send us immediate notice of any order or judgment made or rendered in this case upon the entry of any such order or judgment.

Respectfully submitted,

**THE TOWNSLEY LAW FIRM**

BY: _____
SAGE L. MIDDLETON (#34677)
TODD A. TOWNSLEY (#21095)

3102 Enterprise Boulevard
Lake Charles, Louisiana 70601
Telephone: (337) 478-1400
Facsimile: (337) 478-1577

2017 FEB 22 AM 11 52

| | | |
|---|---|---|
| BARBARA F. SANDERS, INDIVIDUALLY, MELISSA DAVIS, INDIVIDUALLY, GLENN A. FORD, INDIVIDUALLY, GEORGE FORD, JR., INDIVIDUALLY, MARTIN FORD, INDIVIDUALLY, AND LELA MAE FORD, INDIVIDUALLY, AND ON BEHALF OF THEIR DECEASED SISTER, MARGARET FORD | : | 26TH JUDICIAL DISTRICT COURT |
| VS. NO. 76695 | : | PARISH OF WEBSTER |
| NEXION HEALTH AT MINDEN, INC. D/B/A MEADOWVIEW HEALTH AND REHAB CENTER, AMERICAN SAFETY INDEMNITY COMPANY, AND RIVERSTONE GROUP, LLC | : | STATE OF LOUISIANA |

FILED:_____ : _____
                                    DEPUTY CLERK
*****************************************************************

## MEDICAL REVIEW PANEL COSTS SECURITY

I am security for costs of the medical review panel which rendered an opinion regarding the defendants named in the petition and agree to pay the medical review panel expenses of THREE THOUSAND ONE HUNDRED TWENTY-NINE AND 93/100 ($3,129.93) DOLLARS, upon the finality of the judgment that is rendered unless the judgment finds a defendant liable to the plaintiff for damages, in accordance with LSA-R.S. 40:1299.47 (l)(2)(c) of the Louisiana Medical Malpractice Act and LSA-R.S. 40:1299.39 I (l)(3)(b) of the Malpractice Liability for State Services Act.

Respectfully submitted,

THE TOWNSLEY LAW FIRM

BY: _____
SAGE L. MIDDLETON (#34677)
TODD A. TOWNSLEY (#21095)
3102 Enterprise Boulevard
Lake Charles, Louisiana 70601
Telephone: (337)478-1400
Facsimile: (337)478-1577

2017 DEC 22 AM 11 52

BARBARA F. SANDERS, INDIVIDUALLY, : 26TH JUDICIAL DISTRICT COURT
MELISSA DAVIS, INDIVIDUALLY, GLENN
A. FORD, INDIVIDUALLY, GEORGE FORD, JR.,
INDIVIDUALLY, MARTIN FORD, INDIVIDUALLY,
AND LELA MAE FORD, INDIVIDUALLY, AND ON
BEHALF OF THEIR DECEASED SISTER,
MARGARET FORD

VS. NO. 76695 : PARISH OF WEBSTER

NEXION HEALTH AT MINDEN, INC. : STATE OF LOUISIANA
D/B/A MEADOWVIEW HEALTH AND
REHAB CENTER, AMERICAN SAFETY
INDEMNITY COMPANY, AND RIVERSTONE
GROUP, LLC

FILED:_____ : _____
DEPUTY CLERK
*************************************************************************

## ORDER

Considering the foregoing,

IT IS ORDERED that plaintiffs be and are hereby allowed to post their bond for Security of Costs of the Medical Review Panel in the amount of THREE THOUSAND ONE HUNDRED TWENTY-NINE AND 93/100 ($3,129.93) DOLLARS, pursuant to LSA-R.S. 40:1299.47 (I)(2)(c).

THUS DONE AND SIGNED at Minden, Louisiana this 22nd day of Dec, 2017.

S/Michael Nerren
DISTRICT JUDGE

A TRUE COPY
ATTEST
Deputy Clerk District Court
WEBSTER PARISH, LA

CITATION SERVED VIA LOUISIANA LONG-ARM STATUTE

| | | |
|---|---|---|
| SANDERS, BARBARA F - ET AL<br>Versus<br>NEXION HEALTH AT MINDEN INC DBA - ET AL |  | Case: 00076695<br>Division: A<br>26th Judicial District Court<br>Parish of Webster<br>State of Louisiana |

THE STATE OF LOUISIANA TO:
RIVERSTONE GROUP LLC VIA LOUISIANA LONG ARM STATUTE R.S. 13:3201 ET SEQ.
250 COMMERCIAL STREET
SUITE 5000
MANCHESTER, NH 03101

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the Twenty-Sixth Judicial District Court in the Webster Parish Court House in the city of Minden in said Parish within thirty (30) days after the service hereof. Your failure to comply herewith will subject you to penalty of entry of default judgment against you.

WITNESS, the Honorable Judges of said Court on December 28, 2017, at Minden, Louisiana.

*Nera Nelson*
Deputy Clerk of Court for
Holli Vining, Clerk of Court

---

**Service Information**

_____ Personal Service

_____ Domiciliary Service – Given to: _____

_____ No Service – Reason: _____

Service Fee   $ _____
Mileage       $ _____
Total         $ _____

_____   _____   _____
Date of Service            Deputy Sheriff              Parish

[SERVICE COPY]

## CITATION SERVED VIA LOUISIANA LONG-ARM STATUTE

SANDERS, BARBARA F - ET AL

Versus

NEXION HEALTH AT MINDEN INC DBA - ET AL

Case: 00076695
Division: A
26ᵗʰ Judicial District Court
Parish of Webster
State of Louisiana

THE STATE OF LOUISIANA TO:
AMERICAN SAFETY INDEMNITY COMPANY VIA LOUISIANA LONG ARM STATUTE R.S. 13:3201 ET SEQ.
100 GALLERIA PARKWAY
SUITE 700
ATLANTA, GA 30339

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the Twenty-Sixth Judicial District Court in the Webster Parish Court House in the city of Minden in said Parish within thirty (30) days after the service hereof. Your failure to comply herewith will subject you to penalty of entry of default judgment against you.

WITNESS, the Honorable Judges of said Court on December 28, 2017, at Minden, Louisiana.

*[signature]*
Deputy Clerk of Court for
Holli Vining, Clerk of Court

### Service Information

_____ Personal Service

_____ Domiciliary Service – Given to: _____

_____ No Service – Reason: _____

Service Fee $_____
Mileage     $_____
Total       $_____

_____   _____   _____
Date of Service            Deputy Sheriff                Parish

FOOTERAREA

CITATION SERVED VIA LOUISIANA LONG-ARM STATUTE

# CITATION

**SANDERS, BARBARA F - ET AL**

**Versus**

**NEXION HEALTH AT MINDEN INC DBA - ET AL**



Case: **00076695**
Division: **A**
**26th Judicial District Court**
**Parish of Webster**
**State of Louisiana**

---

THE STATE OF LOUISIANA TO:
  NEXION HEALTH AT MINDEN INC DBA
  MEADOWVIEW HEALTH AND REHAB CENTER
  THROUGH ITS AGENT FOR SERVICE OF PROCESS
  CT CORPORATION SYSTEM
  3867 PLAZA TOWER DRIVE
  BATON ROUGE, LA 70816

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the Twenty-Sixth Judicial District Court in the Webster Parish Court House in the city of Minden in said Parish within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS, the Honorable Judges of said court on December 28, 2017 at Minden, Louisiana.

*Nena Nelson*
Deputy Clerk of Court for
Holli Vining, Clerk of Court

## Service Information

_____ Personal Service

_____ Domiciliary Service – Given to: _____

_____ No Service – Reason: _____

Service Fee  $ _____
Mileage      $ _____
Total        $ _____

_____    _____    _____
Date of Service        Deputy Sheriff            Parish

[SERVICE COPY]