UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MELISSA DAVIS, ET AL                        CIVIL ACTION NO. 18-cv-0263

VERSUS                                       JUDGE FOOTE

NEXION HEALTH AT MINDEN, INC.                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Several family members of a deceased nursing home resident filed suit in state court against the owner of the nursing home and two insurers. Defendants removed the case based on an assertion of diversity jurisdiction, which puts the burden on them to set forth facts that show that there is complete diversity of citizenship. The notice of removal does not meet that burden.

The notice of removal describes each of the several plaintiffs as a "resident" of a particular state. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may be a resident of several states, but he has only one domicile at a time, and it is his domicile that establishes his citizenship for diversity purposes. The removing defendants will need to amend their notice of removal to allege the state in which each individual party is domiciled and, thus, a citizen.

The notice of removal alleges the citizenship of Nexion and TIG in accordance with the statutory rule for determining the citizenship of corporations. Those allegations appear to be adequate if they are factually correct. The final defendant is identified in the petition and the notice of removal as RiverStone Group, LLC. The petition alleges that RiverStone is a foreign insurance company but does not otherwise specify its form of entity. The notice of removal alleges in paragraph 10 that RiverStone is "a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the "state of New Hamphsire."

The letters "LLC" at the end of RiverStone's name suggests that it is not a corporation but is actually a limited liability company.[1] The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or

---

[1] The name of a Delaware LLC "[s]hall contain the words 'Limited Liability Company' or the abbreviation 'L.L.C.' or the designation 'LLC'." Del. Code Ann. tit. 6, § 18-102 (West). The name of a Delaware corporation must contain one of the words "association," "company," "corporation," "club," "foundation," "fund," "incorporated," "institute," "society," "union," "syndicate," or "limited," (or abbreviations thereof). Del. Code Ann. tit. 8, § 102 (West).

partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

To avoid any doubt about subject-matter jurisdiction, the removing defendants should include in their amended notice of removal specific allegations with respect to the form of entity of RiverStone. If they continue to contend that it is a corporation, they should explain the inclusion of LLC in its name and cite legal authority for including those letters in the name of a corporation formed under Delaware law. If RiverStone is actually a limited liability company, the amended notice of removal will need to set forth its members and their citizenship in accordance with the rules set forth above. The deadline for filing the amended notice of removal is **March 23, 2018**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge