UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BARBARA F SANDERS, ET AL  CIVIL ACTION NO. 18-cv-0263

VERSUS  JUDGE FOOTE

NEXION HEALTH AT MINDEN, INC.  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Several family members of a deceased nursing home resident filed suit in state court against the owner of the nursing home and two insurers. Defendants removed the case based on an assertion of diversity jurisdiction. The court issued an order and pointed out that the allegations of citizenship were not satisfactory.

Defendants alleged in their original notice of removal that defendant RiverStone Group, LLC was a corporation incorporated in Delaware with its principal place of business in New Hampshire. The court pointed out that its name suggested it was an LLC, the citizenship of which is determined by looking to the citizenship of its members. Defendants then filed an amended notice of removal (Doc. 13) and alleged that RiverStone's sole member is Fairfax (US) Inc., a corporation incorporated in Delaware with its principal place of business in Texas. Two of the plaintiffs are citizens of Texas, so there is not complete diversity on the face of the pleadings.

Defendants assert that RiverStone's citizenship should be ignored pursuant to the improper joinder doctrine, which is outlined in Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004). It is not yet known whether Plaintiffs intend to challenge the

recently asserted improper joinder plea, but the court is obligated to raise such matters on its own initiative because they go to subject matter jurisdiction. <u>Gasch v. Hartford Acc & Indem. Co</u>. 491 F.3rd 278, 281 (5th Cir. 2007).

If Plaintiffs contest the assertion that RiverStone was improperly joined, they must file a motion to remand, supported by a memorandum, by **April 27, 2018** and explain why there is a reasonable basis to predict that state law would allow Plaintiffs to recover against RiverStone. If Plaintiffs timely file a motion to remand, it will be noticed for briefing so that the defendants can respond and attempt to meet their burden on the improper joinder issue. If Plaintiffs do not timely file a motion to remand and challenge the improper joinder plea, the court will consider Plaintiffs to concede the point, RiverStone will be dismissed, and the case will proceed toward a Scheduling Order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge